NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANTHONY GAMBINO, | |
| Plaintiff, | Civil Action No. 17-7241 (SRC) |
| v. | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER**, District Judge

This matter comes before the Court on the appeal by Plaintiff Anthony Gambino ("Plaintiff"), of the final decision of the Commissioner of Social Security ("Commissioner"), determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning December 3, 2008. A hearing was held before ALJ Anne Sharrad (the "ALJ") on March 15, 2017 and the ALJ issued an unfavorable decision on May 18, 2017, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of May 18, 2017, the ALJ made the following findings. At step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff

1

retained the residual functional capacity to perform a full range of work at all exertional levels but with certain nonexertional limitations. Specifically, the ALJ found Plaintiff could understand and carry out simple and routine instructions in a low-stress job, "which is defined as having only occasional change in the work setting and only occasional decision making required." ECF No. 4-2 at 16. The ALJ additionally found that Plaintiff "could not perform fast-paced work such as assembly line work with strict production quotas, but could perform goal-oriented work that could be completed by the end of the work shift." <u>Id.</u> Finally, the ALJ found that Plaintiff could have "occasional, brief and superficial interaction with supervisors and co-workers but no interaction or contact with the general public." <u>Id.</u> On the basis of this evidence, the ALJ concluded that Plaintiff was "limited to simple, routine jobs in low contact, low stress settings." At step four, the ALJ also found that Plaintiff did not retain the residual functional capacity to perform his past relevant work as a barber or construction worker. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act during the relevant time period.

The issue before the ALJ was whether Plaintiff was disabled during the period which began on December 3, 2008 and ended on his date last insured, December 31, 2012. Thus, on review, the question is whether substantial evidence supports the Commissioner's decision that Plaintiff was not disabled during this four-year period.

Plaintiff contends that the decision should be reversed on three principal grounds: 1) at step three, the ALJ erred by finding Plaintiff only had moderate impairments and thus did not

meet any of the Listings requirements; 2) at step four, the ALJ improperly determined Plaintiff's residual functional capacity; and 3) at step five, the ALJ's finding that Plaintiff could return to alternative work (i.e. that there were other jobs in the national economy that Plaintiff could perform) was not supported by substantial evidence. Defendant counters that the ALJ properly supported her decision with substantial evidence from the record, and should be affirmed. The Court agrees with Defendant.

This Court reviews the Commissioner's decisions under the substantial evidence standard. This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). As to the harmless error doctrine, the Supreme Court explained its

operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410. Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

As to step three, Plaintiff has not come close to persuading this Court either that the ALJ erred or that any error was harmful. At step three, Plaintiff argues, in general, that the severity of his combined impairments equals in severity any of a number of Listings. Moreover, Plaintiff takes issue with the ALJ's finding of only moderate limitations, and states that the ALJ's most problematic findings relate to her determinations regarding "Plaintiff's ability to relate to others and his ability to maintain concentration, persistence, and pace." ECF No. 7 at 17. Plaintiff then argues that the findings by the ALJ with regards to the "B" criteria "actually represent impairments that are marked in degree" rather than moderate impairments as the ALJ found. Plaintiff's recitation of the evidence considered by the ALJ, and the ALJ's discounting of the testimony of Plaintiff and his wife, does not even begin to demonstrate that the ALJ erred, much less demonstrate that a harmful error occurred. To show that such an error was harmful, Plaintiff would need to, at a minimum, point to evidence of record that might have sustained his burden of proof of disability. At a minimum, again, he would need to explain which impairments,

combined, should have been found to be medically equivalent to what Listing. The brief contains no analysis that provides support for the contention that certain of Plaintiff's impairments, considered in combination, equal in severity a *particular* Listing. Instead, Plaintiff's brief argues only that the ALJ's step three analysis was flawed and inadequate in finding only moderate limitations. In fact, Plaintiff's reply brief appears to argue that because the ALJ failed to discuss the "A" criteria for the Listings, Plaintiff meets all of the Listings for 12.02, 12.04, 12.06, and 12.08, because the "B" criteria are identical for all Listings, and the ALJ's findings on the level of severity for the "B" criteria were "not reasonable or supported by substantial evidence or by an adequate rationale." ECF No. 9 at 7. Other than emphasizing the testimony of Plaintiff and Plaintiff's wife, which the ALJ found not credible as it was unsupported by the medical evidence in the record, conspicuously absent from the brief is any statement of what evidence supports the Listing or Listings Plaintiff contends he meets or equals. Plaintiff does not show how the evidence of record supports a different determination at step three.

Plaintiff fails to explain how the step three analysis might have been performed differently so as to make a material difference in the disability determination.[1] This Court is not persuaded that the step three analysis was inadequate but, even if it was defective, given that Plaintiff has made no case on appeal that he met his burden of proof at step three, such defects could not be more than harmless error. Plaintiff has not even pointed to the Listing that he claims to have met or equaled, much less pointed to evidence of record that might have supported such a

---

[1] The Third Circuit has stated:

> It has been oft-noted that "Judges are not like pigs, hunting for truffles buried in the record." And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments.

United States v. Claxton, 766 F.3d 280, 307 (3d Cir. 2014) (citations omitted). Plaintiff has not taken heed of this guidance.

5

determination. As such, Plaintiff has failed to persuade that any possible errors at step three materially harmed him. As in Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005), "a remand is not required here because it would not affect the outcome of the case."

Plaintiff next argues that, at step four, the ALJ's residual functional capacity determination is not supported by substantial evidence. As discussed, at step four, Plaintiff bears the burden of proof, as well as the burden of showing that any error was harmful. At no point does Plaintiff explain how the evidence of record might have justified a different residual functional capacity determination. Notably, Plaintiff fails to identify any alleged limitation not accounted for in the residual functional capacity limitations established by the ALJ. The ALJ's decision contains a lengthy discussion of the medical evidence of record, including evaluations by treating physician(s), consultative examinations, and evaluations by state agency medical consultants. Plaintiff's brief does not even attempt to challenge the medical evidence mustered by the ALJ. At best, Plaintiff points out pieces of evidence and testimony from Plaintiff and Plaintiff's wife that might have supported a different conclusion, that the ALJ found to be unsupported by the record. This is not sufficient to merit a finding that the ALJ erred at step four. Under Third Circuit law, the reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). This Court finds that the ALJ's residual functional capacity determination is supported by substantial evidence.

Finally, Plaintiff challenges the ALJ's finding at step five that Plaintiff can perform alternative, available work, as unsupported by substantial evidence. Specifically, Plaintiff takes

issue with the limitation found by the ALJ that Plaintiff could have only brief and superficial interaction with supervisors. Plaintiff claims that "[t]he vocational witness testified that with this restriction, there would still be work that an individual could perform. Frankly it is hard to imagine what such work would be." ECF No. 7 at 23. Plaintiff then proceeds to challenge the meaning of the phrase "brief and superficial contact with supervisors," arguing that "if it is if it is true, as was found by the Administrative Law Judge, that only brief and superficial interaction with supervisors can be tolerated, then the idea that there are a signfiicant [sic] number of jobs possible cannot possibly be true," Id. at 24, and that the idea such jobs as listed by the vocational witness in response to the hypothetical exist is "nonsense." Id.[2] These arguments have no basis in the law. They are merely statements of disagreement with the vocational expert.

The Third Circuit requires that, at step five, "the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations." Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). "Credibly established limitations" refers to limitations established in the step four residual functional capacity determination. The hypothetical presented to the vocational expert accurately conveyed all of Plaintiff's credibly established limitations. The ALJ did not err in her construction of the hypothetical. The vocational expert testified that an individual with Plaintiff's characteristics and Plaintiff's residual functional capacity could not perform Plaintiff's past relevant work as a barber or construction worker, but could perform the representative occupations of hand packager, industrial cleaner, and mail clerk. The vocational expert's testimony, based on Plaintiff's credibly established limitations, constitutes substantial evidence. Because the ALJ properly considered Plaintiff's limitations

---

[2] Plaintiff further contends that "[i]f the idea that there are jobs where supervision is actually 'brief and superficial' is, in fact, nonsense, then the Administrative Law Judge cannot rely on such testimony whether challenged at the hearing or not. And a decision based, in ay [sic] part, on such testimony, cannot be found supported by substantial evidence."

7

supported by the record, the Court finds the ALJ's decision to be supported by substantial evidence.

This Court has reviewed the ALJ's decision and finds that the ALJ's decision is supported by substantial evidence. Plaintiff has failed to persuade this Court that the ALJ erred in her decision or that he was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

   s/ Stanley R. Chesler   
STANLEY R. CHESLER  
United States District Judge

Dated: November 7, 2018